NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JINZHU CHEN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-73012

Agency No. A213-082-908

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Jinzhu Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Substantial evidence supports the agency's determination that Chen did not establish a well-founded fear of future persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution").  Thus, Chen's asylum claim fails.

Because Chen failed, for purposes of asylum, to establish a well-founded fear of future persecution, she necessarily fails to meet the more stringent standard required for withholding of removal.  *See Zehatye*, 453 F.3d at 1190 (recognizing that the withholding of removal requirement to show a "clear probability" of persecution is "more stringent than the well-founded fear standard governing asylum.").

**PETITION FOR REVIEW DENIED.**

18-73012